IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY BOCLAIR, <br> # A60451, <br><br>    Plaintiff, <br><br> vs. <br><br> JACQUELINE LASHBROOK, <br> SUSAN HILL, <br> DIRECTOR JOHN BALDWIN, and <br> ANN CAHR, <br><br>    Defendants. | Case No. 18-cv-586-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Stanley Boclair, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends that the defendants violated his constitutional rights, as well as state law, by losing, destroying, and/or mishandling his grievances.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## THE COMPLAINT

Plaintiff claims that Lashbrook (Menard's Warden), Hill (a Correctional counselor), Baldwin (Director of the Illinois Department of Corrections), and Cahr (an Administrative Review Board Member), violated his constitutional rights, as well as state law, by destroying and/or failing to address his grievances. According to the Complaint, the grievances included complaints about disability accommodation, retaliation, and the mishandling of grievances. (Doc. 1, pp. 7-11). Specifically, Plaintiff alleges that his grievances were ignored and/or destroyed on the following occasions:

- On February 10, 2017, Plaintiff submitted an emergency grievance (dated February 9, 2017) to Lashbrook. (Doc. 1, p. 7). The grievance related to alleged racial animus by an individual identified as Sergeant Harris (not a defendant in this action). *Id.*[1] Plaintiff claims that Lashbrook destroyed the grievance. *Id.*

---

[1] Plaintiff claims that a second inmate submitted a similar grievance as to Sargent Harris on the same date. (Doc. 1, p. 7).

2

- On April 10, 2017, Plaintiff personally delivered an emergency grievance (dated March 9, 2017) to Hill, a Correctional Counselor. *Id.* Plaintiff claims that Hill destroyed the grievance. (Doc. 1, p. 8).

- On June 12, 2017, Plaintiff submitted an emergency grievance (dated June 12, 2017) to Lashbrook. *Id.* Plaintiff claims that Lashbrook destroyed the grievance.

- On October 25, 2017, Plaintiff submitted an emergency grievance (dated October 25, 2017) to Lashbrook. *Id.* Plaintiff claims that Lashbrook destroyed the grievance.

- On August 28, 2017, Plaintiff submitted an emergency grievance (dated August 28, 2017) to Baldwin, Director of the Illinois Department of Corrections, complaining that he was being denied access to the grievance process, and that his grievances were being destroyed as an act of retaliation for filing grievances. *Id.* Baldwin did not respond to Plaintiff's emergency grievance or take any action on Plaintiff's behalf. *Id.*

- On August 30, 2017, Cahr, a member of the Administrative Review Board, was informed about Plaintiff's complaints regarding access to the grievance process and Plaintiff's belief that his grievances were being destroyed as an act of retaliation. (Doc. 1, pp. 8-9). Cahr "did nothing."

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

**Count 1:** Fourteenth Amendment claim against the defendants for ignoring, destroying, or otherwise mishandling Plaintiff's grievances, thereby denying Plaintiff access to the grievance process.

Having carefully considered Plaintiff's allegations related to this claim, the Court finds that the Complaint states no claim against the defendants for mishandling Plaintiff's grievances. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605,

3

609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). This is because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. The Constitution requires no procedure. *Id*. Therefore, the failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

On this basis, Count 1 will be dismissed against all defendants for failure to state a claim upon which relief may be granted. In the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff intended to bring. *See* 28 U.S.C. § 1367(c)(3); *Harvey v. Town of Merrillville*, 649 F.3d 526, 533 (7th Cir. 2011). Plaintiff's Fourteenth Amendment claims (Count 1) shall be dismissed with prejudice, and any intended state law claim shall be dismissed without prejudice. The Court declines to provide Plaintiff with an opportunity to amend the Complaint because it is clear that Plaintiff's grievance claims are meritless and cannot be saved by amendment. *Foman v. Davis*, 371 U.S. 178 (1962); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

### PENDING MOTION

Plaintiff's Motion for Recruitment of Counsel is **DENIED**. The assistance of counsel would not change the outcome of this matter. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (affirming lower court's denial of request for appointment of counsel, in part, because plaintiff's "claims were of doubtful merit in any event").

### DISPOSITION

**IT IS HEREBY ORDERED** that the action is **DISMISSED with prejudice**. Plaintiff's Fourteenth Amendment claims (Count 1) are dismissed with prejudice for failure to state a claim

upon which relief may be granted. Any intended state law claims are dismissed without prejudice to Plaintiff pursuing relief in Illinois state court.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** April 2, 2018

                                                                                          _/s/ Nancy J. Rosenstengel_
                                                               **NANCY J. ROSENSTENGEL**
                                                               **United States District Judge**