# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STANLEY BOCLAIR,**<br>**# A60451,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **Case No. 18-cv-586-NJR** |
| **vs.** | ) |
| | ) |
| **JACQUELINE LASHBROOK,** | ) |
| **DIRECTOR JOHN BALDWIN, and** | ) |
| **ANN LAHR,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Stanley Boclair, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends that Defendants violated his constitutional rights by mishandling his grievances. He also claims that Menard's Warden, Jacqueline Lashbrook, retaliated against him for filing a grievance, in violation of the First Amendment, and maintains a dangerous environment at the prison, in violation of the Eighth Amendment. In connection with these claims, Plaintiff seeks monetary damages and injunctive relief (presumably at the close of the case).

The original Complaint did not survive preliminary review, and Plaintiff's First Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## PRELIMINARY MATTER

The body of the Complaint directs several allegations against Hill, a correctional counselor, but Hill is not identified as a defendant in the case caption. Accordingly, any claims Plaintiff intended to bring against this individual are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

## THE COMPLAINT

Plaintiff contends that Lashbrook (Menard's Warden), Baldwin (Director of the Illinois Department of Corrections), and Lahr (Administrative Review Board Member) violated his First and/or Fourteenth Amendment rights by destroying and/or failing to address his grievances. (Doc. 1, pp. 1-5). Plaintiff also claims that, after he filed a grievance on March 9, 2017, Lashbrook retaliated against him by transferring his psychiatrist to another facility, thereby denying him access to mental health treatment between March 28, 2017 and May 2017. (Doc. 1, pp. 1-3). Additionally, Lashbrook allegedly retaliated against Plaintiff by denying him access to the grievance process. (Doc. 1, pp. 1-3). Finally, Plaintiff claims that Lashbrook maintains and/or condones a dangerous environment at Menard, in violation of Plaintiff's Eighth Amendment rights. (Doc. 1, pp. 1-2, 6-7). This claim appears to be premised on an incident wherein Plaintiff allegedly witnessed staff at Menard "racial[ly] assault[ing]" another inmate. (Doc. 1, pp. 1-2). Witnessing this incident left Plaintiff "uncontrollably trembling" and caused emotional distress. (Doc. 1, p. 7).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of these counts does not constitute an opinion regarding their merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

**Count 1:** First Amendment retaliation claim against Lashbrook for retaliating against Plaintiff by denying him access to mental health treatment and/or the grievance process, after Plaintiff filed a grievance on March 9, 2017.

**Count 2:** Eighth Amendment pattern of violence or harmful environment claim against Lashbrook for condoning and maintaining a dangerous environment at Menard.

**Count 3:** First and/or Fourteenth Amendment claim against Defendants for ignoring, destroying, or otherwise mishandling Plaintiff's grievances, thereby denying Plaintiff access to the grievance process.

## Count 1

The Complaint states a plausible claim for retaliation; Plaintiff identifies the retaliatory actions (destroying and/or disregarding his grievances and denying access to mental health treatment), named the defendant (Lashbrook), and asserts a constitutionally-protected activity that spurred the retaliation (filing a grievance on March 9, 2017). Accordingly, Count 1 shall receive further review. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (to state a retaliation claim, a plaintiff only needs to allege the "bare minimum" facts necessary to notify the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response).

## Count 2

Plaintiff alleges that in March 2017, he witnessed staff assaulting another inmate. (Doc. 1, p. 1). According to the Complaint, the attack was racially motivated, and witnessing the attack traumatized Plaintiff. (Doc. 1, pp. 1-2, 6-7). Plaintiff faults Lashbrook for the attack (and his related psychological trauma), claiming that Lashbrook oversees "a highly charged racial environment of violence." (Doc. 1, p. 7). It appears that Plaintiff is attempting to pursue a widespread policy or practice claim against Lashbrook. Plaintiffs bringing such claims must

generally must allege more than one instance of misconduct. *See Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (declining to adopt a "bright-line rule[ ]" but indicating that there must be "more than one instance, or even three" of wrongdoing (citation omitted) (internal quotation marks omitted)); *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003) ("proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference"); *Armour v. Country Club Hills*, No. 11 C 5029, 2014 WL 63850, at *6 (N.D. Ill. Jan. 8, 2014) ("[A] single isolated incident of wrongdoing by a nonpolicymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." (citation omitted)). This requirement is intended to "demonstrate that there is a policy at issue rather than a random event." *Thomas*, 604 F.3d at 303.

Here, Plaintiff's bare assertions regarding a dangerous environment coupled with witnessing a single incident of wrongful conduct by one or more staff members at Menard are insufficient to state an Eighth Amendment claim against Lashbrook. Accordingly, Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 3**

Plaintiff asserts that Defendants have violated his civil rights by destroying, ignoring, and/or mishandling his grievances. In connection with these allegations, he invokes his First Amendment right to petition the government for redress, and his right to due process under the Fourteenth Amendment. Under either theory, however, Plaintiff cannot sustain a Section 1983 claim.

Prison officials' mishandling or failure to respond to individual grievances does not implicate any constitutional right. The same is true in the case of a grievance system that is flawed or ineffective. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

*See also Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Of course, prisoners have a First Amendment right to petition the government for the redress of grievances, which ultimately may be exercised through access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). But Plaintiff has brought this lawsuit, thus there has been no denial of his rights to seek redress for his complaints of wrongdoing.

On this basis, Count 3 will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 9), which is **DENIED**.[1] Plaintiff does not disclose sufficient information for the Court to determine whether he has made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff, who has a high school education, indicates that he has no legal education and a limited knowledge of the law. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **LASHBROOK.**

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

The Clerk of Court is **DIRECTED** to terminate **BALDWIN** and **LAHR** as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that, with respect to **COUNT 1**, the Clerk of Court shall prepare for **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  October 18, 2018**

                                   **_____**
                                   **NANCY J. ROSENSTENGEL**
                                   **United States District Judge**